1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARCUS J. BARNHARDT,                    CASE NO. 1:10-cv-01351-LJO-GBC (PC)

                Plaintiff,        ORDER DISMISSING COMPLAINT WITH
   v.                                                LEAVE TO AMEND

MATTHEW CATE, et al.,                     (ECF No. 1)

             Defendants.       FIRST AMENDED COMPLAINT DUE
                        WITHIN THIRTY DAYS
_____/

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Marcus J. Barnhardt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 30, 2010.  (ECF No. 1.)   No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.   SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

**III.    SUMMARY OF COMPLAINT**

Plaintiff alleges violations of his Eighth Amendment right to adequate medical care. Plaintiff names the following individuals as Defendants: Matthew Cate, James Yates, Felix Igbignosa, Bryan-Hui Phi, K. Vilasane, Das Pac, LVN Delano, A. Shimmin, and Does 1-10.

Plaintiff alleges the following: Plaintiff is diabetic, requiring two shots of insulin per day and a diabetic diet.  Because of the diabetes, Plaintiff's immune system is weak and he catches illnesses easier than others.  Regardless of this, Plaintiff was transferred to Pleasant Valley State Prison, an area known for endemic Coccidiomycosis ("valley fever"). Plaintiff's diabetes is not being offered up-do-date treatment options.

It was recommended that he have surgery on his finger due to trigger finger; however, Defendant Igbinosa refused to schedule it.

Defendant Delano failed to give Plaintiff his morning insulin dose until 1:30 p.m. Plaintiff was vomiting because of his high blood sugar.  In the past, he has been given the wrong insulin for days at a time.  Several doctors have recommended that Plaintiff receive an insulin pump; however, Defendants Phi, Igbinosa, and Vilasane disagreed and refused to give him one.  Plaintiff requested a diabetic diet, but the prison said that they do not

2

1    have a diabetic diet, but instead offer a snack which qualifies as a diabetic diet.

2        Plaintiff filed a lawsuit alleging similar facts.  In retaliation, he was confined to

3    quarters for 14 days without committee action.  During that time, his property was taken.

4    This occurred after Defendant Igbinosa was served with a copy of the complaint.

5        Plaintiff seeks a medical transfer, compensatory and punitive damages, and

6    declaratory and injunctive relief.

7    **IV.   ANALYSIS**

8        The Civil Rights Act under which this action was filed provides:

9            Every person who, under color of [state law] . . . subjects, or
             causes to be subjected, any citizen of the United States . . . to
10           the deprivation of any rights, privileges, or immunities secured
             by the Constitution . . . shall be liable to the party injured in an
11           action at law, suit in equity, or other proper proceeding for
             redress.
12
13   42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

14   Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

     1997) (internal quotations omitted).

15
16   **A.   Medical Claims**

17       Plaintiff asserts that his Eighth Amendment right was violated by Defendants'

     deliberate indifference to his serious medical needs.

18
19       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

20   inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

21   F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The

22   two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

23   need' by demonstrating that 'failure to treat a prisoner's condition could result in further

24   significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

25   response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

26   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

27   WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

28   omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

1  prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439

2  F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of

3  the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

4  named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . .

5  . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

6  The objective component of deliberate indifference requires the showing of a

7  serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's

8  condition could result in further significant injury or the 'unnecessary and wanton infliction

9  of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104);

10 see also Jett, 439 F.3d at 1096.  "This is true whether the indifference is manifested by

11 prison doctors in their response to the prisoner's needs or by prison guards in intentionally

12 denying or delaying access to medical care or intentionally interfering with treatment once

13 prescribed." Estelle, 429 U.S. at 104-105.  The objective element requires proof that the

14 prisoner's serious medical needs were not timely and properly treated.

15 The subjective component of deliberate indifference considers the nature of the

16 defendant's response to the serious medical need and whether the defendant had a

17 culpable mental state, which is "'deliberate indifference' to a substantial risk of serious

18 harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at

19 835).  "[T]he official must both be aware of the facts from which the inference could be

20 drawn that a substantial risk of serious harm exists, and he must also draw the inference."

21 Farmer, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns

22 not upon its effect on the prisoner, but rather, upon the constraints facing the official."

23 Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).  "This

24 second prong--defendant's response to the need was deliberately indifferent--is satisfied

25 by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

26 medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing

27 McGuckin, 974 F.2d at 1060).  "A prisoner need not show his harm was substantial;

28 however, such would provide additional support for the inmate's claim that the defendant

4

1   was deliberately indifferent to his needs." Id.  Indications of a serious medical need include

2   "[t]he existence of an injury that a reasonable doctor or patient would find important and

3   worthy of comment or treatment; the presence of a medical condition that significantly

4   affects an individual's daily activities; or the existence of chronic and substantial pain."

5   McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th

6   Cir. 1990)).

7        If the claim alleges mere delay of treatment, the inmate must establish that the delay

8   resulted in some harm.  McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of

9   State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not

10  cause permanent injury.  McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503

11  U.S. 1, 10 (1992).   Unnecessary infliction of pain is sufficient to satisfy this requirement.

12  Id.

13       In applying this standard, the Ninth Circuit has held that before it can be said that

14  a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

15  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

16  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

17  (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in

18  diagnosing or treating a medical condition does not state a valid claim of medical

19  mistreatment under the Eighth Amendment.   Medical malpractice does not become a

20  constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106;

21  see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

22  F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence

23  is insufficient to establish deliberate indifference to serious medical needs.  See Wood v.

24  Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

25       Also, "a difference of opinion between a prisoner-patient and prison medical

26  authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon,

27  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must

28  show that the course of treatment the doctors chose was medically unacceptable under

5

the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### 1.   Diabetes

Plaintiff states that, on one occasion, Defendant Delano failed to give him his morning insulin in the morning causing him to suffer effects of high blood sugar; on other occasions, Plaintiff has received the "wrong" insulin; that it was recommended that he receive an insulin pump, but that Defendants Phi, Igbinosa, and Vilasane disagreed and refused; and that he was refused a diabetic diet because the prison does not have one.

As to Defendant Delano's failure to give Plaintiff insulin on time, Plaintiff has failed to state a claim.  As currently pleaded, this appears to be negligence, which does not state an Eighth Amendment violation.  Plaintiff specifically states that Defendant Delano failed to give him his insulin on time on one occasion.  He does not attribute the other "wrong" insulin to Defendant Delano.  Repeatedly giving Plaintiff the "wrong" insulin may be a violation of Plaintiff's Eighth Amendment; however, again, he does not attribute this failure to any named Defendant.

As to Defendants Phi, Igbinosa, and Vilasane, Plaintiff has also failed to state a claim.  Plaintiff states that an insulin pump was recommended, and then that Phi, Igbinosa, and Vilasane disagreed.  This appears to be merely a difference of opinion between doctors, and a difference of opinion between doctors and Plaintiff, neither of which rise to the unconstitutional level.  Plaintiff does not state that the course chosen (no insulin pump) was medically unacceptable under the circumstances or that Defendants chose this course in conscious disregard of an excessive risk to Plaintiff's health.

As for the refusal of a diabetic diet, Plaintiff only states that he requested it and was refused because the prison does not have one.  Plaintiff states that because the prison does not have one, he is given a snack to help control his diabetes.  Plaintiff does not

6

include enough description of this claim for the Court to make a determination.  Plaintiff does not attribute this denial to any named Defendant.  Nor does he state that the prison does actually have a diabetic meal plan.

As currently pleaded, all Eighth Amendment claims related to Plaintiff's diabetes fail to state a constitutional violation.  Plaintiff will be given an additional opportunity to amend these claims.

### 2.   Trigger Finger

Plaintiff states that Defendant Igbinosa refused to schedule surgery for Plaintiff's trigger finger.  Again, the Court is unable to make a determination due to Plaintiff's lack of additional information.  For example, was Defendant Igbinosa disagreeing with another doctor's recommendation?  Did Defendant negligently fail to schedule the surgery?  Or, did Defendant deliberately refuse to schedule the surgery?  As currently pleaded, Plaintiff's claim fails.  Plaintiff will be given one additional opportunity to amend this claim.

### B.   Valley Fever

Plaintiff argues that being housed at Pleasant Valley State Prison violated his Eighth Amendment right as his diabetic condition makes him especially susceptible to contracting Valley Fever.

Courts of this district have repeatedly found such claims to be insufficient.  "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."  King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal., Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").  The Court will give Plaintiff leave to amend this claim; however, he would

1  be better served devoting his energies to his other claims.

2      **C.**    <u>**Retaliation**</u>

3        Plaintiff states that he was retaliated against by Defendant Igbinosa for exercising

4  his constitutional rights.

5        "Within the prison context, a viable claim of First Amendment retaliation entails five

6  basic elements: (1) An assertion that a state actor took some adverse action against an

7  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

8  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

9  advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th

10  Cir. 2005).

11        Plaintiff has pleaded facts insufficient to state a claim of retaliation by Defendant

12  Igbinosa. Plaintiff states that after he filed an action with the Court including facts similar

13  to the facts stated here and Igbinosa was served with a copy of the complaint, Plaintiff was

14  confined to quarters for 14 days without a hearing and his property was taken.

15        Pursuing a civil rights legal action is protected under the First Amendment. <u>Bradley</u>

16  <u>v. Hall</u>, 64 F.3d 1276,1279 (9th Cir. 1995); <u>Rizzo v. Dawson</u>, 778 F.2d 527,532 (9th Cir.

17  1985). Plaintiff's allegations of confinement without a hearing and confiscation of property

18  are adverse actions. Thus, Plaintiff has satisfied the first and third prongs of the retaliation

19  standard.

20        With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

21  liability for a First Amendment violation merely because an unusually determined plaintiff

22  persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192

23  F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's

24  acts would chill or silence a person of ordinary firmness from future First Amendment

25  activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300).

26  Plaintiff does not allege that his speech was chilled, but the adverse actions he suffered

27  would chill a person of ordinary firmness. Thus, Plaintiff has satisfied the fourth prong.

28        The second element of a prisoner retaliation claim focuses on causation and motive.

See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."  Id. (quoting Morgan, 874 F.2d at 1314).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").  Plaintiff alleges that after Defendant Igbinosa was served with a complaint, Plaintiff was confined without a hearing and his property was taken.  Plaintiff attempts to imply that the timing was suspect.  However, Plaintiff does not state that Defendant Igbinosa had any part in the confinement or confiscation.  In fact, Plaintiff fails to attribute these actions to any named Defendants who had knowledge of Plaintiff's civil action.  Thus, Plaintiff has not stated adequate facts to satisfy the second prong of his retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Rizzo, 778 F.2d at 532.  This is not a high burden to reach.  See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry).  Plaintiff makes no statements regarding penological goals or whether the allegedly adverse acts were related to such goals.  Thus, Plaintiff has failed to reach the fifth prong.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.  In his amendment, Plaintiff should describe in greater detail who was doing the retaliation.

**D.     Denial of Access to Courts**

9

It appears as though Plaintiff may be alleging that was being denied access to the courts by Defendants.  Specifically, Plaintiff alleges that Defendants were inappropriately screening out Plaintiff's 602 grievance forms causing him to not be able to exhaust his administrative remedies.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  Forward-looking claims allege "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."  Christopher, 536 U.S. at 413.  In these cases that have yet to be litigated, "the justification for recognizing that [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed."  Id.  As part of the requirement to plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated or was being impeded."  Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415.  Simply stating that a claim is "nonfrivolous" due to the action of a government official will not satisfy the actual injury requirement.  Christopher, 536 U.S. at 415.  Rather, the nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  Id. at 416.  The plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  Id.  The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."  Id. at 417-418; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of

something of value-arguable claims are settled, bought and sold.  Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions.").

Plaintiff states that he tried to process the medical appeals, but they were screened out obstructing Plaintiff's administrative remedies.   Plaintiff fails to describe the claim he was pursuing in any detail and, thus, fails to meet the pleading requirements set forth above.  The Court will grant Plaintiff leave to amend this claim.

**E.      Inmate Appeals Process**

Plaintiff appears to be alleging that Defendants failed to respond properly to his inmate appeals.  Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action.  Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard.  Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

**F.      Doe Defendants**

Plaintiff names as Defendants Does 1-10.  "As a general rule, the use of 'John Doe'

11

to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff.  Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem:  those persons cannot be served with process until they are identified by their real names."  Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that John Doe Defendant can not be served by the United States Marshal until he has identified him as an actual individual and amended his complaint to substitute the Defendant's actual name.  The burden remains on Plaintiff to promptly discover the full name of Doe Defendant; the Court will not undertake to investigate the names and identities of unnamed defendants.  Id.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

### G.    Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that several named Defendants are liable for the conduct of  subordinates as, according to Plaintiff's statement of facts, they were not present and did not participate in any of the complained of conduct.  In fact, Defendant Does 1-10 are not mentioned at all in the factual allegations that make up Plaintiff's Complaint.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at

1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff has not alleged facts demonstrating that Defendant Does personally acted to violate his rights. Nor has he alleged that Defendants Yates or Cate violated his rights. In his Amended Complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

**V.     CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended

complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

//
///
//
/
//
///
//
/
//
///

14

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.     Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1351-LJO-GBC (PC); and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:     June 14, 2011

UNITED STATES MAGISTRATE JUDGE

15